UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA | **Protective Order** |
| v. | **21 Cr. 519 (CS)** |
| ALEXANDER HERNANDEZ, and STARLIN ESPINAL-ADAMES, | |
| Defendants. | |

Upon the application of the United States of America, with the consent of the undersigned counsel, and the defendants having requested discovery under Fed. R. Crim. P. 16, the Court hereby finds and orders as follows:

**WHEREAS**, the Government will make disclosure to the defendants of documents, objects and information, pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. §3500, and the Government's general obligation to produce exculpatory and impeachment material in criminal cases, all of which will be referred to herein as "Disclosure Material";

**WHEREAS**, the Government's Disclosure Material may include material that (i) would affect the privacy interests of third parties; (ii) would impede, if prematurely disclosed, the Government's ongoing investigation of uncharged individuals; (iii) would expose sensitive personal information; and (iv) is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case;

**WHEREAS**, the entry of a protective order in this case will permit the Government to produce expeditiously Disclosure Material without further litigation and will afford the defense prompt access to such materials, which will facilitate the preparation of the defense;

**NOW, THEREFORE, FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED:**

1. Disclosure Material shall not be disclosed by the defendants or defense counsel including any successor counsel ("the defense") other than as set forth herein, and shall be used by the defense solely for purposes of defending this action. The defense shall not post any Disclosure Material on any Internet site or network site to which persons other than the parties hereto have access, and shall not disclose any Disclosure Material to the media or any third party except as set forth below. All Disclosure Material possessed by the parties shall be maintained in a safe and secure manner.

2. Disclosure Material may be disclosed by the defense to the following persons (hereinafter, "Designated Persons"):

   a. the defendants;

   b. investigative, paralegal, secretarial, clerical, and other personnel employed or retained by defense counsel;

   c. independent expert witnesses, investigators, or advisors retained by defense counsel in connection with this action;

   d. potential witnesses for the purposes of defending this action; and

   e. such other persons as hereafter may be authorized by the Court.

All Designated Persons to whom Disclosure Material is disclosed in accordance with this provision shall be subject to the terms of this Order. To the extent Disclosure Material is disclosed to any Designated Persons, defense counsel shall first provide each Designated Person with a copy of this Order and instruct such Designated Persons that they are bound by the terms of this Order. Defense counsel shall maintain a record of what information has been disclosed to which such persons.

3. The Government may authorize, in writing, disclosure of Disclosure Material beyond that otherwise permitted by this Order without further Order of this Court.

4. This Order does not prevent the disclosure of any Disclosure Material in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action. However, Disclosure Material pertinent to any motion before the Court should initially be filed under seal, absent consent of the Government or Order of the Court.  All filings shall comply with the privacy protection provisions of Fed. R. Crim. P. 49.1.

## Return or Destruction of Material

5. Except for Disclosure Material that has been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all Disclosure Material within 30 days of the expiration of the period for direct appeal from any verdict in the above-captioned case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; or the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is latest.

## Retention of Jurisdiction

6. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

AUDREY STRAUSS
United States Attorney

By: ___/s/ Jim Ligtenberg___                               Date: 09/21/21
    Jim Ligtenberg
    Assistant United States Attorney

___Sam Braverman___                                   Date: 9/22/21
Samuel Braverman, Esq.
Counsel for Alexander Hernandez

_____                  Date: _____
Francis O'Reilly, Esq.
Counsel for Starlin Espinal-Adames

SO ORDERED:

Dated: White Plains, New York
          October 5, 2021

                                                      /s/ Cathy Seibel
                                                   _____
                                                   THE HONORABLE CATHY SEIBEL
                                                   UNITED STATES DISTRICT JUDGE

AGREED AND CONSENTED TO:

AUDREY STRAUSS
United States Attorney

By: _____     Date: 09/21/21
Jim Ligtenberg
Assistant United States Attorney


_____     Date: _____
Samuel Braverman, Esq.
Counsel for Alexander Hernandez


_____     Date: 10/5/21
Francis O'Reilly, Esq.
Counsel for Starlin Espinal-Adames

SO ORDERED:

Dated: White Plains, New York
       _____, 2021


_____
THE HONORABLE CATHY SEIBEL
UNITED STATES DISTRICT JUDGE

4